KEITH, Circuit Judge.
I agree with the majority opinion’s decision to affirm the district court’s finding that Defendant-Appellant Republic Engineered Products, Inc. arbitrarily and capriciously denied ERISA benefits to Plaintiff-Appellee Linda Burge, but I would affirm the district court’s grant of backdated benefits to Burge as an appropriate remedy. Accordingly, I DISSENT-IN-PART from the majority’s decision to remand the case back to Republic for a full rehearing.
I agree with the majority that Republic’s administrative process was plagued with procedural errors. However, the record demonstrates that Republic manipulated those procedural errors to ensure the substantive denial of benefits to Burge, thus I believe the substantive remedy of backdated benefits is appropriate in this instance. Throughout the appeals process, Burge repeatedly provided Republic with evidence that she was physically unable to carry out her work duties. That Republic refused to consider this evidence, instead focusing solely on evidence of her psychological issues, was arbitrary and capricious. See Kalish v. Liberty Mut./Liberty Life Assur. Co. of Boston, 419 F.3d 501, 512-13 (6th Cir.2005) (finding Plan administrator acted arbitrarily and capriciously in failing to consider both mental and *553 physical injury when it denied disability benefits in the first instance); see also Cooper v. Life Ins. Co. of N. America, 486 F.3d 157, 172 (6th Cir.2007) (“[Plan administrators] need to properly and fairly evaluate the claim the first time around; otherwise they take the risk of not getting a second chance, except in cases where the adequacy of claimant’s proof is reasonably debatable.”). On appeal to this court, Republic requests that we remand the case so it may consider the “additional” evidence of Burge’s wrist injury and 2007 wrist surgery. However, the administrative record was complete as of the date of Republic’s final decision denying Burge disability benefits. Shelby Cnty. Health Care Corp. v. Majestic Star Casino, 581 F.3d 355, 374 (6th Cir.2009). In this instance, Republic issued its final decision on February 18, 2009, after Burge filed suit against Republic in district court. Thus, Republic had the opportunity to consider the “additional” evidence Burge presented to them numerous times throughout the appeals process. Remand is thus an inappropriate remedy because Republic is not entitled to a “second bite” at the proverbial apple. Id.
I find further support in affirming the district court’s grant of benefits to Burge given the deferential abuse-of-discretion standard of review we apply when considering the district court’s choice of remedy in an ERISA action. Id. at 375. Because “[t]he administrative record is complete, all facts needed to decide the care are readily apparent, and there is no additional evidence to be derived,” Loan v. Prudential Ins. Co. of America, 370 Fed.Appx. 592, 598 (6th Cir.2010) (Clay, J., dissenting), I am not left with the definite and firm conviction that the district court erred in its choice of remedy. See Shelby, 581 F.3d at 376 (declaring when an abuse of discretion exists in ERISA claims relating to the district court’s grant of attorney fees). Thus, I would affirm the district court’s grant of benefits to Burge. For this reason, I would also affirm the district court’s finding that Burge is entitled to the vesting of her 401 (k) under the Plan. As Republic found her sufficiently “disabled” to receive benefits from February 2006 to August 2006, she met the six-month requirement for employer vesting under the Plan. Thus, given that the district court’s choice of remedy is supported by the record, remand is an unnecessary waste of judicial resources.
For the foregoing reasons, I CONCUR in the majority’s determination that Republic acted arbitrarily and capriciously in denying Burge disability benefits, but DISSENT-IN-PART as to the remedy because I would affirm the district court’s grant of backdated benefits to Burge.